**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

SHEILA DARLENE BUTLER,
721 Tidal Marsh Walk
Loganville, GA 30052

       Plaintiff,

v.                                                                                  Civil Action No. 16-1115

OCCUPATIONAL SAFETY AND                              Judge: _____
HEALTH ADMINISTRATION
Columbus Area Office
220 North High Street
Room 620
Columbus, OH 43215

and

UNITED STATES DEPARTMENT
OF LABOR
200 Constitution Ave. NW
Washington, DC 20210

       Defendants.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

       NOW COMES, the Plaintiff, Sheila Darlene Butler, who for her Complaint for Declaratory and Injunctive Relief, states as follows:

       1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to enjoin Defendants from improperly withholding agency records and to order the production of agency records concerning requests for documents and/or electronic data, photos, or other materials generated by and in possession of the Occupational Safety and Health Administration. As set forth herein, these records concern a natural gas fire that occurred on November 12, 2014, at a well site located in Sarahsville, Ohio.

**Jurisdiction and Venue**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

3. Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

**Parties**

4. The Plaintiff, Sheila Darlene Butler, is a resident of Bowman, Elbert County, Georgia. Moreover, Plaintiff is the Personal Representative of her husband, Norman Butler, deceased, and the Administrator of the Estate of Norman Butler.

5. Plaintiff has hired the law firm of Bordas & Bordas, PLLC to pursue claims brought by herself individually, as personal representative of Norman Butler, and as Administrator of the Estate of Norman Butler. The claims arose from Norman Butler's death on November 12, 2014, which was caused by a natural gas fire. The case is captioned *Butler, et al. v. Blue Racer Midstream, LLC, et al.*, Case No. 16CV000962 (Court of Common Pleas of Franklin County, Ohio).

6. Defendant Occupational Safety and Health Administration ("OSHA") is an agency of the United States Department of Labor, and is an agency within the meaning of FOIA.

7. Defendant United States Department of Labor ("DOL") is an agency of the United States, and is an agency within the meaning of FOIA. DOL is responsible for responding to FOIA requests for records that DOL and its component entities maintain. DOL is also responsible for administering appeals of FOIA determinations by its component agencies, including OSHA. DOL and OSHA have possession, custody, and control of records to which Plaintiff seeks access through FOIA.

8. Plaintiff is adversely affected the by DOL's and OSHA's improper denial of requests under FOIA. Without the information requested, Plaintiff cannot fully and fairly prosecute her claims arising out of the November 12, 2014 incident that killed her husband, Norman Butler. Defendants' actions are particularly pressing given the fact that Plaintiff's Amended Complaint was filed on March 21, 2016, and discovery is ongoing.

## Statutory Framework

9. FOIA requires federal government agencies to release information upon proper request unless it is shown that disclosure is exempt pursuant to one of nine exemptions contained within the statute. 5 U.S.C. §§ 552(a) and (b).

10. Pursuant to 5 U.S.C. § 522(a)(6)(A)(i), a federal agency shall make a determination in response to a FOIA request within 20 working days, shall immediately notify the requester of the determination, and shall provide reasons for the agency's determination as well as instructions for appeal.

11. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), a federal agency shall:

> make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination . . .

12. FOIA provides that "[a]ny person making a request for agency records . . . shall be deemed to have exhausted his administrative remedies . . . if the agency fails to comply with the applicable time limit provisions of this paragraph." 5 U.S.C. § 522(a)(6)(C).

13. FOIA provides this Court jurisdiction to order Defendant to provide Plaintiff with the records requested. 5 U.S.C. § 552(a)(4)(B).

14. This Court may assess attorney fees and litigation costs against the United States if Plaintiff substantially prevails in this action. 5 U.S.C. § 522(a)(4)(E).

## Facts

15. By letter dated May 19, 2015, Plaintiff requested copies of any and all documents or records pertaining to any OSHA investigation conducted into the November 12, 2014, natural gas fire that occurred in Sarahsville, Ohio, which resulted in the death of Norman Butler. Moreover, the May 19, 2015 letter requested eight specific types of documents from OSHA.

16. By letter dated August 12, 2015, Defendant responded to Plaintiff's request by providing substantially redacted documents. The August 12, 2015 letter indicated that Plaintiff may dispute the redactions by mailing an appeal to the Solicitor of Labor, U.S. Department of Labor.

17. By letter dated October 23, 2015, Plaintiff appealed specific exemptions asserted by the agency in the documents provided by the DOL.

18. Specifically, Plaintiff addressed exemptions under 7(c), which protects information that could reasonably be expected to constitute an unwarranted invasion of personal privacy, and 7(d), which protects information that could reasonably be expected to disclose the identity of a confidential source.

19. Many of Defendants' objections under 7(c) and 7(d) were for documents identified as a "statement," "employee statement," or were applied to conceal the names and addresses of the individuals who participated in, or were consulted in coordination with, the investigations of the November 12, 2014 fatality of Norman Butler.

20. Plaintiff's October 23, 2015 appeal letter identified specific redactions and respectfully requested disclosure of reords that cannot reasonably be expected to invade personal privacy.

21. Plaintiff's October 23, 2015 appeal letter also identified specific e-mails that were produced and referenced attachments to those emails that were not produced. The appeal requested copies of those materials. Plaintiff appeal also requested the DOL to reconsider its redactions based upon the Plaintiff's arguments.

22. Moreover, Plaintiff appealed the fact that many of Defendants' exemptions under 7(c) and 7(d) redacted multi-page statements in which the entire statement could not reasonably be expected to constitute an unwarranted invasion of personal privacy, nor could it reasonably be expected to disclose the identity of a confidential source. Therefore, segregable portions of the documents must be provided.

23. Plaintiff's October 23, 2015 appeal letter emphasized that Plaintiff does not seek the information "for any improper purpose, and will not make use of these individuals' names in a manner that would subject them to any invasion of personal privacy."

24. By letter dated November 23, 2015, the DOL acknowledged receipt of Plaintiff's appeal letter and stated the appeal was being processed.

25. To this date, Defendant DOL has not provided Plaintiff with any determination on her appeal and there is no basis for Defendant's delay.

### Count I — DOL and OSHA Failed to Provide a Complete and Timely Response to Plaintiff's FOIA Request

26. Plaintiff re-alleges and incorporates by reference the previous paragraphs of this Complaint as if specifically set out herein.

27. Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendant was required to:

make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination . . .

28.     By letter dated May 19, 2015, Plaintiff requested copies of any and all documents or records pertaining to any OSHA investigation conducted into the November 12, 2014, natural gas fire that occurred in Sarahsville, Ohio, which resulted in the death of Norman Butler. Moreover, the May 19, 2015 letter requested eight specific types of documents.

29.     Almost three months later, by letter dated August 12, 2015, Defendant responded to Plaintiff's request by providing substantially redacted documents from OSHA's files. The August 12, 2015 letter indicated that Plaintiff may dispute the redactions by mailing an appeal to the Solicitor of Labor, U.S. Department of Labor.

30.     By letter dated October 23, 2015, Plaintiff appealed specific exemptions involed in the documents and responses provided by the DOL.

31.     By letter dated November 23, 2015, the DOL acknowledged receipt of Plaintiff's letter and stated the appeal was being processed.

32.     To this date, Plaintiff has not received a decision or any further information regarding its appeal from the DOL as required by 5 U.S.C. § 552(a)(6)(A)(ii).

33.     Therefore, Defendant has not provided Plaintiff with any determination within the twenty day period required by 5 U.S.C. § 552(a)(6)(A)(ii) and there is no basis for Defendant's delay.

34.     Plaintiff has exhausted her administrative remedies with respect to her Freedom of Information Act requests.

35.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for Plaintiff awarding the following relief:

1. Order Defendant to provide access to the requested documents and declare that Defendants illegally failed to respond to Plaintiff's FOIA request.

2. Order Defendants to provide redacted or withheld information and declare the Defendants wrongfully withheld information and wrongfully applied FOIA Exemptions 7(c) and 7(d).

3. Order that Defendants produce immediately, all non-exempt records that are responsive to Plaintiff's FOIA request along with a *Vaughn* index of any responsive records withheld under a claim of exemption.

4. Grant Plaintiff's costs of litigation, including reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E).

5. Expedite this proceeding as provided for in 28 U.S.C. § 1657.

6. Grant such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    SHEILA DARLENE BUTLER,

    Plaintiff,

BY: *Sharon Y. Eubanks /s/*
    Sharon Y. Eubanks, D.C. Bar No. 420147
    Bordas & Bordas, PLLC
    7927 Jones Branch Dr. #2150
    McLean, VA 22102
    P: (202) 440-1484
    F: (304) 242-3936