```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

SHEILA DARLENE BUTLER           )
                                )
        Plaintiff,              )
                                )
    v.                          )   Civil Action No. 16-1115 CRC
                                )
OCCUPATIONAL SAFETY AND         )
  HEALTH ADMINISTRATION,        )
                                )
        and                     )
                                )
UNITED STATES DEPARTMENT        )
  OF LABOR                      )
                                )
        Defendants.             )
                                )
```

## ANSWER

Defendants by and through undersigned counsel, hereby answer the Complaint as follows:

## FIRST DEFENSE

The Complaint fails to state a claim for which relief can be granted.

## SECOND DEFENSE

Plaintiff is not entitled to an award of attorney's fees in this action.

## THIRD DEFENSE

In response to the numbered paragraphs of the Complaint, Defendants respond as follows:

## JURISDICTION AND VENUE

1.  The first paragraph of the Complaint is a characterization of Plaintiff's lawsuit and contains legal conclusions to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations, except to admit that Plaintiff's lawsuit was filed relying on the Freedom of Information Act ("FOIA") and respectfully refers the Court to 5 U.S.C. § 552 for a full and accurate statement of the statute's contents.

2.  This paragraph contains jurisdictional allegations, not averments of fact for which a response is required.  To the extent an response is deemed required, Defendants admit that this Court has jurisdiction over a proper action under the FOIA, 5 U.S.C. § 552(a)(4)(B).

3.  This paragraph contains allegations regarding the venue of this action, not averments of fact for which an answer is required.  To the extent an answer is deemed required, Defendants admit that venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) for a proper FOIA action.  Defendants deny that venue is proper under 28 U.S.C. § 1391, because venue for actions under the FOIA is "otherwise provided by law" under 5 U.S.C. § 552(a)(4)(B).

PARTIES

4-5.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, accordingly the allegations are denied.

6.   Defendants admit that the Occupational Health and Safety Administration ("OSHA") is an agency of the United States Department of Labor ("DOL") and is an agency within the meaning of FOIA.

7.   Defendants admit the allegations in the first through third sentences of this paragraph.  Defendants deny the allegations in the final sentence of this paragraph.

8.   Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations in these paragraphs, accordingly the allegations are denied.

Statutory Framework[1]

9-14.   These paragraphs legal conclusions, not averments of fact for which a response is required.  To the extent an answer is deemed required, Defendants admit that the FOIA requires agencies to make determinations and disclose certain documents, the FOIA sets deadlines for disclosure, that FOIA requires

---

[1] Where Defendants have included the headings from the Complaint in this answer, it has copied Plaintiff's headings and has done so merely for ease of reference.  By including those headings, Defendants do not admit the truth or accuracy of those headings.

requesters to exhaust administrative remedies, and that this Court has jurisdiction over a proper action under the FOIA, 5 U.S.C. § 552(a)(4)(B).

## FACTS

15. Defendants admit that the OSHA received a FOIA request from Plaintiff dated May 19, 2016, and that the request letter asked for documents or records pertaining to OSHA's investigation of the November 12, 2014 natural gas fire that occurred in Sarahsville, Ohio and resulted in the death of Norman Butler. Defendants admit that the May 19, 2015 letter requested eight specific types of documents from OSHA, but respectfully refers the Court to the cited document for a full, fair and accurate account of its contents.

16. Defendants admit the allegations in this paragraph, to the extent that they responded to Plaintiff's request, but disputes the characterization of the redactions as "substantial[]." Defendants respectfully refer the Court to the cited document for a full, fair and accurate account of its contents.

17. Defendants admit the allegations in this paragraph, but respectfully refer the Court to the cited document for a full, fair and accurate account of its contents.

18.   Defendants admit the allegations in this paragraph, to the extent that they responded to Plaintiff's request. Defendants respectfully refer the Court to the cited document for a full, fair and accurate account of its contents.

19-21.   Defendants admit the allegations in this paragraph, but respectfully refer the Court to the cited document for a full, fair and accurate account of its contents.

22.   Defendants admit that this was among the issues raised in Plaintiff's appeal, but denies Plaintiff's legal conclusions regarding the redactions.

23.   Defendants admit the allegations in this paragraph, but respectfully refer the Court to the cited document for a full, fair and accurate account of its contents.

24.   Defendants admit the allegations in this paragraph, but respectfully refer the Court to the cited document for a full, fair and accurate account of its contents.

25.   This paragraph contains legal conclusions, rather than factual averments, to which a response is required.  To the extent that an answer may be deemed required, Defendants admit a response to a FOIA appeal is generally required within 20 working days pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), but otherwise deny the assertions in this paragraph.  Defendants

specifically deny the allegation that there is no basis for the delay.

## COUNT I

26.   Defendants hereby incorporate the above responses to paragraphs 1 through 25.

27-34.   These paragraphs contain conclusions of law rather than factual allegations to which a response would be deemed necessary.  To the extent that a response may be deemed required, Defendants deny the assertions.  Defendants specifically deny the assertions in these paragraphs as they pertain to the OSHA, which in its August 12, 2015 response: produced requested records; cited applicable exemptions to the production of records; and informed plaintiff that they may appeal the response to the request.  Defendants respectfully refer the Court to the cited document for a full, fair and accurate account of its contents.  In response to Plaintiff's appeal, OSHA has conducted additional search efforts and is working to process the additional documents that Plaintiff identified in her appeal.

The remaining allegations contain Plaintiff's prayer for relief to which no response is required.  To the extent that a response may be required, Defendants deny that Plaintiff is entitled to the relief requested or to any other relief in this action.

Defendants deny any and all allegations contained in the Complaint not expressly admitted herein.

Respectfully submitted,

CHANNING D. PHILLIPS, DC Bar #415793
United States Attorney

DANIEL F. VAN HORN, DC Bar #924092
Chief, Civil Division

By: _____/s/
W. MARK NEBEKER, DC Bar #396739
Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Answer has been made through the Court's electronic transmission facilities on this 8th day of September, 2016.

_____/s/
W. MARK NEBEKER, D.C. Bar #396739
Assistant United States Attorney
555 4th Street, N.W.
Washington, DC  20530
(202) 252-2536
mark.nebeker@usdoj.gov